UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FILED
APR 26 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re ) Case No. 05-20678-C-7
)
WILLIAM P. CAMPBELL and ) MC No. PDM-1
MARGENE T. CAMPBELL, )
)
    Debtors. )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

    These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

    Jurisdiction is founded upon 28 U.S.C. § 1334.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(G).

<u>Findings of Fact</u>

    Debtors filed this voluntary chapter 7 petition on January 21, 2005.  They scheduled real property commonly known as 9944 Villa Granite Lane, Granite Bay, California("the property") as property of the estate.  The chapter 7 trustee filed a report finding that there is property available for distribution from the estate over and above that exempted by the debtor.  The court observes that debtors were discharged from all dischargeable debts on April 21, 2005.

    On February 28, 2005, Wells Fargo Bank, N.A., ("movant") filed a motion, notice, and declaration requesting that this

34

court vacate the automatic stay to permit movant to foreclose upon the property. Movant's motion request attorneys' fees and costs.

The value of the property is approximately $400,000. Movant holds a mortgage on the property in excess of $318,000. Using the numbers provided by movant, debtors have equity in the property in the approximate amount of $81,958. Using the numbers in debtors' schedules, debtors have equity in the property in excess of $100,000, all of which they claimed exempt.

On March 15, 2005, debtors filed an opposition to movant's motion, arguing that they have substantial equity in the property, and thus, movant is adequately protected.

On March 29, 2005, a hearing was held on movant's motion for relief from stay and its requests for attorney's fees and costs. Debtors appeared and opposition the motion. Thereafter, the court continued the motion to April 26, 2005. After the April 26 hearing, the court concluded that it would resolve the relief from stay motion as submitted and further continue the hearing on movant's request for attorneys' fees and costs.

### Conclusions of Law

The automatic stay of acts against the debtor <u>in personam</u> and of acts against property other than property of the estate will terminate when an individual in a case under chapter 7 is granted a discharge. 11 U.S.C. § 362(c)(2)(C).

In this instance, debtors received a discharge on April 21, 2005. As such, the motion requesting relief from the

automatic stay as against the debtors shall be denied as moot without prejudice.  Moreover, the court observes that had the court resolved the motion at the first hearing on March 29, 2005, the motion as to the debtors would have been denied because there is equity in the property in excess of $81,958.

Although, the chapter 7 trustee filed an asset report, the trustee failed to file any opposition to the motion. Therefore, the motion will be granted as to the trustee.

Additionally, the court will continue the hearing on movant's request for attorneys' fees and costs to June 7, 2005. Any party wishing to supplement the record may do so before May 31, 2005.

An appropriate order will issue.

Dated: April 26, 2005

UNITED STATES BANKRUPTCY JUDGE